McDONALD, J.,
concurring, in which BARBERA, C. J., joins.
I concur in the judgment, but do not join the Court’s opinion. While I agree with the outcome of the case, I do not understand the Court’s use of multiple standards of review in this context. In particular, I do not believe that an “abuse of discretion” standard need be overlaid on the “clearly erroneous” standard that the Court also applies.
The relevant statute and rule require the appointment of an interpreter for a defendant in specified circumstances.[1] In particular, the relevant statute provides, in pertinent part:
(a) The court shall appoint a qualified interpreter to help a defendant ... when the defendant ...
(2) Cannot readily understand or communicate the English language and cannot understand a charge ... or help present the defense.
Maryland Code, Criminal Procedure Article (“CP”), § 1-202(a) (emphasis added). Similarly, the related court rule provides, in pertinent part:
*389 The court shall appoint a spoken language interpreter if the court determines that:
(i) the party does not understand English well enough to participate fully in the proceedings and to assist counsel, or
(ii) the party ... does not speak English well enough to be understood by counsel, the court, and the jury.
Rule 16-819(c)(2)(A) (emphasis added).[2]
As is evident, both CP § 1-202 and Rule 16-819 state that a trial court “shall appoint” an interpreter for the defendant if the court finds that certain circumstances exist — for example, that the defendant does not readily understand English or does not speak it well enough to be understood by the jury. If those circumstances exist, the court has no discretion — it must appoint an interpreter. Whether the predicate circumstances exist is a factual determination made by the trial court. As is generally the case, a trial court’s fact findings are reviewed by an appellate court under a “clearly erroneous” standard. See Biglari, 156 Md.App. at 665-68 & n. 2, 847 A.2d 1239.
The Majority opinion appears to agree with the reasoning above. See Majority op. at pp. 383-86, 91 A.3d at 1203-05. But the Majority opinion then goes on to add an “abuse of discretion” standard as well. See Majority op. at pp. 385-87, 91 A.3d at 1204-06. The Majority opinion does not indicate what legal provision compels an exercise of discretion by the trial court and what, if any, criteria exist for measuring the exercise of that discretion — apart from the criteria in CP § 1-202 and Rule 16-819, which do not accord the trial court any discretion if the factual predicate for appointment of an interpreter is established.[3] *390 The introduction of this standard of review, untethered to CP § 1-202, Rule 16-819, or any other legal provision, has the potential to sow confusion.[4]
Chief Judge BARBERA joins this opinion.

. Although neither the Supreme Court nor our Court has announced a constitutional right to the appointment of an interpreter, these provisions appear designed to satisfy the constitutional bases for such a right. See Biglari v. State, 156 Md.App. 657, 665, 847 A.2d 1239, cert. denied, 382 Md. 686, 856 A.2d 723 (2004) ("[t]he ability to understand the proceedings is essential to a defendant’s right to a fair trial”); United States ex rel. Negron v. New York, 434 F.2d 386, 389 (2d Cir.1970) (due process, the Sixth Amendment right of confrontation, and the right to be present at one’s own trial required appointment of interpreter for a defendant who did not speak or understand English).

. As the Majority opinion notes, Rule 16-819 also sets forth the procedure a trial court should follow to determine whether the predicate factual circumstances exist. I have no quarrel with the Majority’s assessment of the trial court's compliance with those procedures. Majority op. at pp. 386-88, 91 A.3d 1205-06.

. I suppose that we might say that a trial court has “discretion” to appoint an interpreter even if the appointment is not compelled by CP § 1-202 or Rule 16-819, but it is difficult to imagine how that decision *390 would be subjected to review under an "abuse of discretion” standard. Presumably, the defendant would not object to that assistance.

. If it were contended that a trial court misinterpreted the requirements of CP § 1-202 or Rule 16-819, our review would not accord the trial court’s legal interpretation any deference — that is, we would not apply an "abuse of discretion” standard, but would review the trial court’s legal determination de novo.